McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-MC-00010-KJM-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $30,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds::

1.      On August 19, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $30,000.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about October 15, 2019, USPIS received a claim from Serena Andersen ("Andersen" or "claimant") asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on August 15, 2019, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials

1

identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail parcel # 9505 5139 7142 9226 4798 60.  The parcel was addressed to Serena Andersen, 1790 Gillespie Dr., Fairfield, CA 94534, with the following return address: Serena Andersen, 1790 Gillespie Dr., Fairfield, CA 94534.

4.     The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5.     The United States represents that it could further show at a forfeiture trial that on August 19, 2019, law enforcement went to the recipient address and spoke to a female who identified herself as "Tere," Andersen's mother.  "Tere" explained that Andersen was as work and that she was expecting a parcel to be delivered for Andersen.  "Tere" called Andersen on her cell phone and handed the phone to law enforcement so they could talk to Andersen on speaker. Andersen confirmed she was expecting the parcel and it contained personal items. Law enforcement asked for consent to open the parcel and Andersen stated she did not want the parcel opened.  Inspectors explained that if she did not consent to the parcel being opened, they would get a search warrant to open it.  After a long pause, Andersen gave consent to open the parcel. Inside the parcel, law enforcement found numerous periodicals with cash secreted between the pages.  The currency consisted mainly of $20 bills, making up $29,680.00 of the total $30,000.00.  The parcel did not contain any notes, receipts, or instructions.

6.     Law enforcement informed Andersen the parcel contained cash and she replied the money was sent by a family friend.  When asked for the friend's name, Andersen told law enforcement that it was actually a family member and she did not want to give the name.  Andersen did not know why the money was hidden in the magazines and she claimed she had not received parcels containing cash before. At this point, "Tere" interrupted, stating that her daughter was pregnant and instructed Andersen not to answer further questions.

7.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.     Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of

2

the defendant currency.  Serena Andersen hereby acknowledges that she is the sole owner of the

defendant currency, and that no other person or entity has any legitimate claim of interest therein.

Should any person or entity institute any kind of claim or action against the government with regard to

its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States,

as set forth below.

9.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this

is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in

which the defendant currency was seized.

11.     The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED

AND ADJUDGED:

12.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and

between the parties.

13.     Upon entry of the Consent Judgment of Forfeiture, $18,000.00 of the Approximately

$30,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount

seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of

according to law.

14.     Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter,

$12,000.00 of the Approximately $30,000.00 in U.S. Currency shall be returned to claimant Serena

Andersen through her attorney Isaac M. Safier.

15.     The United States of America and its servants, agents, and employees and all other

public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and

final release applying to all unknown and unanticipated injuries, and/or damages arising out of said

seizure or forfeiture, as well as to those now known or disclosed.  Andersen waived the provisions of

California Civil Code § 1542.

16.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17.     All parties will bear their own costs and attorney's fees.

18.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED:  May 5, 2020

_____
CHIEF UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture